MR. JUSTICE MORRISON,
dissenting:
I respectfully dissent to that portion of the majority opinion which allows entry of judgment finding defendant guilty of sexual assault without benefit of a jury trial.
This defendant has been twice convicted of sexual intercourse without consent. There is absolutely no evidence of penetration. The District Court should have directed a verdict in favor of the defendant at the conclusion of the state’s case.
Following the state’s rest, the county attorney, in arguing against a directed verdict in favor of defendant, said:
“She used the words sexual assault, but she did testify on the witness stand that there was penetration in response to my question that he was licking her in the vaginal area, and that she was awakened and it’s a matter of record. The testimony is that there was contact between his tongue and her genital area.”
This argument was not supported by the record. In fact, the state’s chief witness testified as follows:
“Answer: Well, I was sleeping and all of a sudden there was this man between my legs and — you know, performing oral sex on me, and I said, ‘who is it’, and he said, ‘it’s me’, and then I said, ‘well, what do you think you’re doing’, you know, and I was — I was really — I was really shocked and hurt and scared and he was saying things to me like, ‘oh, lie down, you’ll enjoy this’, and this kind of crap, and then —
“THE COURT: Can you speak up please, so we can all hear you.
“A. He was then — he was pulling down my panties and I was — I *190 had been — I was laying — I had been laying down, and I was sitting up and pulling my panties up and I started cussing at him and that sort of stuff, and I told him that he was really disgusting and — and he said — he said, ‘you don’t understand Mary, I love you’, and I just started cussing at him some more, and then he said, ‘well, I only came over here to check if you needed some firewood and to find out how Joe was doing.’ ”
The witness gave no other testimony with respect to sexual intercourse or sexual assault.
The county attorney failed to ask any question of the witness which would indicate contact between the defendant’s tongue and the witness’s vaginal area. The only evidence given by the witness was that defendant was performing oral sex on her but she gave absolutely no testimony about what this meant. In absence of some explanation that would have to be a very well defined and understood meaning for the term. There is not.
I note in passing that the testimony of defendant and Steve Knight appears more credible than that of the state’s witness. However, the jury apparently chose to believe the state’s case and the weight of the testimony necessarily resides with the jury.
Nevertheless, I agree with the majority opinion that there is absolutely no evidence to take this case to the jury on the crime charged. The crime of sexual assault was not charged against the defendant but with the consent of defendant’s counsel, the court instructed the jury on sexual assault. Apparently, defense counsel mistakenly thought that sexual assault was a lesser included offense. It is not.
The majority opinion correctly notes that the elements of sexual assault include “touching of the sexual or other intimate parts of the person of another for the purpose of arousing or gratifying the sexual desire of either party.” This is an element not required for conviction of the crime charged. Sexual intercourse without consent simply requires proof of knowledge or purpose, “penetration of the vulva”, and lack of consent. There are no other elements. Therefore, sexual assault is clearly not a lesser included offense.
In view of the fact that defense counsel encouraged the court to give an instruction on sexual assault, defense counsel could not now object to the giving of the instruction. The weakness with the majority’s position is that the jury, in convicting defendant of sexual intercourse without consent, did not find the necessary elements for a conviction of sexual assault. The majority seems to gloss this over by finding that the necessary gratification is present in the defendant’s *191 testimony. However, the jury apparently chose not to believe any of the defendant’s testimony but rather chose to believe that of the state’s witness.
I know of no case supporting an appellate court entering judgment of conviction in the absence of a jury finding the essential elements of the crime. Had the jury improperly convicted defendant of sexual intercourse without consent the appellate court could enter a judgment of conviction on a lesser included offense. The appellate court could enter such a judgment because the elements of the lesser included offense would all have been found by the jury in finding defendant guilty of the more serious offense. That cannot be done in this case because the elements for proving sexual assault are different than for proving sexual intercourse without consent.
I am at a loss to understand the county attorney charging sexual intercourse without consent where there was absolutely no evidence of penetration. If this case was to be prosecuted it should have been prosecuted as a case of sexual assault.
This Court should dismiss the charge of sexual intercourse without consent. Jeopardy has attached. The defendant should be released.